UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EDWARD SMOOTH, JR.,                                    04-CV-0710E(F)
                     Plaintiff,

        -vs-                                                MEMORANDUM

WASTE MANAGEMENT,                                                  and
MARK BOPP,
DICK HARTMAN,                                                 ORDER[1]
SHAWN REISMAN and
PAT HARAHAN,
                     Defendants.

---

Plaintiff, proceeding *pro se*, filed this action alleging that his former

employer Waste Management and several of its employees — specifically Mark

Bopp, Dick Hartman, Shawn Reisman[2] and Pat Harahan[3] — discriminated against

him because he is African-American and retaliated against him by terminating his

employment when he complained of discrimination, all in violation of Title VII, 42

U.S.C. §2000e *et seq.*  On January 6, 2005 defendants Bopp, Hartman and Harahan

filed a motion to dismiss the Complaint in lieu of an Answer, arguing that they

---

[1]This decision may be cited in whole or in any part.

[2]Shawn Reisman was not served with the Complaint.  The time for plaintiff to serve
Reisman has expired and thus the Complaint is dismissed as to him and his name shall be
removed from the case caption.

[3]Defendants' counsel avers that this defendant is actually Patrick Hourihan, however, the
Court will continue to refer to this defendant by the name under which this action was
commenced.

cannot be held individually liable under Title VII.[4]  Plaintiff's response to this motion was due on September 2, 2005, but no written response has been filed. Plaintiff appeared for oral argument on September 9, 2005 at which time he presented his opposition to this motion.[5]

Plaintiff's Complaint alleges, and for purposes of this motion the Court accepts as true, the following facts.   Plaintiff was employed by Waste Management in West Seneca, N.Y. beginning in May 2002.   When plaintiff commenced work, he requested that his supervisor, Dick Hartman, assign him to a refuse removal route as a driver.   He was subsequently passed over for assignment to such a route several times in favor of others with less seniority. However, when Hartman discovered that plaintiff was about to lodge a complaint regarding Hartman's failure to assign plaintiff to such a route, Hartman assigned him to Route 6, one of the longest routes.

---

[4]Defendant Waste Management filed an Answer on January 6, 2005 and is not a party to this motion.

[5]Plaintiff currently resides in Louisiana.  By letter dated September 6, 2005 defendants' counsel advised the Court that he had been unable to contact plaintiff and therefore had no indication whether plaintiff in fact opposed this motion or was aware of the September 9, 2005 date for oral argument.  By that same letter, defendants' counsel sought to adjourn the oral argument without date or, in the alternative, to submit the motion without argument and on the papers. Defendants' counsel did not appear for oral argument on September 9, but plaintiff, who has been displaced from his home due to Hurricane Katrina and is currently residing in a hotel in Georgia, drove to Buffalo for oral argument.  The Court appreciates plaintiff's efforts to prosecute his action and oppose this motion.  Plaintiff should, however, provide this Court and defendants' counsel with an address at which he can receive mail.  At oral argument, plaintiff provided the Court with his cell phone number and, in the future, plaintiff will be allowed to appear by telephone upon prior arrangement with the Court.

Thereafter, despite the fact that Route 6 was a long route, plaintiff was routinely denied helpers[6], while the white drivers with shorter routes were provided with assistance even when they did not need it. Plaintiff complained to Dick Hartman about the failure to assign other workers to help him. He also complained to Shawn Reisman that a white driver "Kenny" seemed to receive preferential treatment as he was a friend of Hartman.

Plaintiff further asserts that two weeks after he made complaints of discrimination, he was terminated under the guise of a lay-off. He alleges that he was first told that he was being laid off, along with ten other drivers, because he refused to exit his truck to help collect the refuse and because of his poor attendance record. After he disputed Waste Management's conclusion that he would not leave his truck to assist in refuse collection, he alleges that he was then told that he was laid off because of his poor attendance and lack of productivity. Plaintiff asserts that these reasons are pretext for race discrimination.

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCvP"), the Court "must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Phelps* v. *Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (internal quotation omitted). The motion should not be granted "unless it appears beyond

---

[6] Plaintiff alleges that Waste Management also employs "helpers" who ride on the back of trucks to assist in the collection of refuse.

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."   *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957). Accordingly, the Court is not concerned with whether plaintiff may ultimately succeed on his claims but must "assess the legal feasibility of the complaint." *Cooper* v. *Parsky*, 140 F.3d 433, 440 (2d Cir. 1998).

The moving defendants argue that, assuming plaintiff's version of the facts is true, the Complaint should be dismissed as to them because Title VII authorizes lawsuits for discrimination only against employers.   Movants are correct.   Individuals — even those with supervisory roles — are not subject to liability under Title VII.   *See Patterson* v. *County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004) (*citing Wrighten* v. *Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) and *Tomka* v. *Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995)).

Accordingly, it is hereby **ORDERED** that the motion to dismiss the Complaint with respect to defendants Bopp, Hartman and Harahan is granted and the caption of this action shall now read:

> "EDWARD SMOOTH, JR.,
> Plaintiff,
> -vs-
> WASTE MANAGEMENT,
> Defendant."

DATED:      Buffalo, N.Y.
            September 15, 2005

                                    /s/ John T. Elfvin
                                    JOHN T. ELFVIN
                                    S.U.S.D.J.