UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EDWARD SMOOTH, JR.,
               Plaintiff,

   -vs-

WASTE MANAGEMENT,
               Defendant.

04-CV-0710E(F)

MEMORANDUM

and

ORDER[1]

---

Plaintiff Edward Smooth, Jr., proceeding *pro se*, filed this action alleging that his former employer Waste Management and several of its employees discriminated against him because of his race, and retaliated against him by terminating his employment when he complained of discrimination all in violation of Title VII. Currently pending before the Court is Waste Management's Motion for Summary Judgment. Plaintiff's response was due on or before September 22, 2006, but Plaintiff filed no response. Plaintiff appeared at oral argument on September 29, 2006 and argued against the Motion.

FACTS[2]

In or about June 2002, Smooth commenced employment with Waste Management in its West Seneca, N.Y. office. In March 2003, Smooth was assigned

---

[1] This decision may be cited in whole or in any part.

[2] The following facts are taken from Waste Management's Statement of Material Facts Not in Dispute filed pursuant to Rule 56.1 of the Local Rules of Civil Procedure ("LRCvP"). As discussed *infra*, Smooth failed to file a corresponding Statement of Material Facts in Dispute or any other opposition and therefore the facts contained in Waste Management's Statement are deemed admitted. Where required in order to comprehend the nature of Smooth's claims, his allegations have been included.

to a route in Amherst, N.Y. as a garbage truck driver. Smooth's route was not the most demanding in terms of mileage, tonnage or number of stops. Smooth, however, routinely took the longest to complete his route. Smooth also was deficient in attendance, accumulating four unexcused absences within a twelve month period, which resulted in written warning on January 20, 2006. Several employees also complained to Richard Hartman, Smooth's supervisor, that Smooth would not exit the truck to help haul garbage when Waste Management's policies required that he do so.

In the fall of 2003, Waste Management was advised that it had lost its garbage hauling contract with the Town of Lancaster, N.Y., which contract was serviced by Waste Management's West Seneca and Chaffee offices. As a result, Waste Management concluded that it would have to conduct a layoff. Patrick Hourihan, the District Manager, assembled a list of employees to be laid-off. Included on the list was Smooth and nine other employees. Of the ten employees, Smooth was the only African-American. The other nine employees were Caucasian.[3] Hourihan selected Smooth for the lay off based on his attendance deficiencies, his lack of productivity and the complaints regarding his failure to assist other workers on his truck. On

---

[3] Two employees ultimately resigned their employment prior to the effective date of the lay off, while the remaining eight employees, including Smooth, were laid-off on January 29, 2004.

January 30, 2004, Smooth was advised that he was being laid-off. His termination became effective on February 6, 2004.[4]

On May 3, 2004, Smooth filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). After his charge was dismissed on July 23, 2004, Smooth timely commenced this action. Smooth alleges that he was terminated because of his race and in retaliation for his complaints of discrimination.[5]

## DISCUSSION

FRCvP 56(c) states that summary judgment may be granted only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Goenaga* v. *March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (internal citation omitted). If the moving party makes such a showing, the non-moving party must then come forward with evidence of specific facts sufficient to support a jury verdict in order to survive the summary judgment motion. *Ibid*. In other words, after discovery and upon a motion, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the

---

[4] At the time he was advised of his lay off, Smooth alleged to Mark Bopp, Senior Human Resources Manager, that the termination was motivated by race discrimination. Bopp commenced an investigation, after which he concluded that Smooth's allegation of discrimination was baseless and that the reasons for including him in the lay off had merit.

[5] Smooth alleges that on January 15, 2004, he complained to Hartman and/or Shawn Reisman that a white co-worker was receiving preferential treatment from Hartman.

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322 (1986).

Not every factual dispute will preclude summary judgment, however. Summary judgment is appropriate where there is "no *genuine* issue of *material* fact." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if the evidence in the record "is such that a reasonable jury could return a verdict for the nonmoving party." *Ibid*. Stated another way, there is "no genuine issue as to any material fact" where there is a "complete failure of proof concerning an essential element of the nonmoving party's case." *Celotex*, at 323. Additionally, the disputed fact must be material, which is to say that it "might affect the outcome of the suit under the governing law." *Anderson*, at 248.

"In assessing the record to determine whether there is a genuine issue as to any material fact, the district court is required to resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought." *St. Pierre* v. *Dyer*, 208 F.3d 394, 404 (2d Cir. 2000) (*citing Anderson*, at 255). Nonetheless, mere conclusions, conjecture, unsubstantiated allegations or surmise on the part of the non-moving party are insufficient to defeat a well-grounded motion for summary judgment. *See Goenaga*, at 18.

As noted *supra*, Plaintiff has failed to file any written response to Waste Management's Motion. Thus, as a procedural matter, the facts as alleged by Waste Management in its Local Rule 56.1 Statement of Material Facts Not in Dispute are deemed admitted for purposes of this Motion. Substantively, Plaintiff has provided

no admissible evidence which can be considered by the Court in opposing Waste Management's Motion. *See* FRCvP 56(e). The facts set forth by Waste Management, and deemed admitted, are sufficient to demonstrate a legitimate, non-discriminatory reason for Plaintiff's termination. Those same facts are also sufficient to demonstrate the lack of causal connection between Smooth's alleged complaints of discrimination and the decision to include him in the layoff. Such demonstration is a sufficient basis on which to grant Waste Management's Motion for Summary Judgment.[6]

A. <u>Race Discrimination Claim</u>

In order to make out a *prima facie* claim of race discrimination the plaintiff must show that he is a member of a protected class, that he was otherwise qualified for his position, that he suffered an adverse employment action and that the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *See Collins* v. *New York City Transit Auth.*, 305 F.3d 113, 118 (2d Cir. 2002). Once the plaintiff makes that showing, the defendant must come forth with a legitimate, non-discriminatory reason for taking the adverse action against the plaintiff. Upon the defendant's successful proffer of such a reason, any presumption arising out of the *prima facie* case disappears and all that remains is the question of whether the employer took the challenged action for discriminatory purposes. *See Holtz* v. *Rockefeller & Co., Inc.,* 358 F.3d 62, 77 (2d Cir. 2001).

---

[6]To the extent Smooth's complaint could be read to suggest a discrimination claim based on Waste Management's failure to assign him a truck route prior to March 2003, such claim must be dismissed due to Smooth's failure to raise that claim before the EEOC and because the time in which to do so has passed.

Here, Smooth is an African-American male, thus, he is a member of a protected class. There is no dispute that he was terminated from his employment and that such termination constitutes an adverse employment action. Waste Management argues that Smooth cannot demonstrate facts giving rise to an inference of discrimination. Waste Management asserts — by affidavit of Patrick Hourihan — that Plaintiff was one of ten employees laid-off at the relevant time. Waste Management asserts that the other nine employees were Caucasian and that Smooth was the only African-American employee terminated. Thus, Waste Management argues that Smooth cannot show that he was terminated under circumstances giving rise to an inference of discrimination.

Assuming that Smooth has met his *prima facie* burden, Waste Management also argues that it had legitimate, non-discriminatory reasons for selecting him for layoff — to wit, Smooth's attendance deficiencies, his lower productivity as compared with other drivers, and his failure to assist others working on his truck when his assistance was required.

At argument, Smooth characterized Waste Management's asserted reasons as "lies." He argued that Waste Management could not show how his attendance was a problem — despite his admitting his unexcused absences at oral argument. He also argued that, contrary to Waste Management's documentation, he had the longest route and one of the routes with the most tonnage. He further attributed his low productivity — specifically, the amount of time taken to complete his route — to the failure of Waste Management to provide him with "help" despite doing so for

other drivers. Unfortunately, Smooth has provided no evidence to support his allegations and thus they are insufficient to raise a genuine issue of material fact.

The Court concludes that Waste Management has articulated legitimate, non-discriminatory reasons for Smooth's termination and that Smooth has failed to raise a genuine issue of material fact as to whether discrimination was the real reason for his termination.

B. Retaliation Claim

Plaintiff also alleges that his termination was retaliation for his prior complaints of race discrimination. Plaintiff alleges that on or about January 15, 2004 he complained to his supervisor Shawn Reisman that another white employee was receiving preferential treatment. Plaintiff was laid-off on January 29, 2004.[7] Thus, he asserts that he was selected for the layoff in whole or in part because of retaliatory animus.

In order to state a claim for retaliation, a plaintiff must allege that he engaged in protected activity, that the employer was aware of that protected activity, that he suffered an adverse employment action and that there was a causal connection between the protected activity and the adverse employment action. *See Collins* v.

---

[7]At oral argument, counsel for Waste Management argued that Plaintiff was selected for layoff in part because of his attendance problems — as evidenced by the fact that Plaintiff was the only employee on written warning for attendance problems at the time of the layoff. He was placed on warning on January 20, 2004. In opposing Plaintiff's retaliation claim, however, Waste Management argues that Plaintiff's alleged complaints of discrimination could not have formed the basis for his selection for layoff, and thus his termination could not be retaliatory, because Plaintiff had already been selected for the layoff prior to January 15, 2004, the date on which he allegedly made the complaints.

*New York City Transit Auth.*, 305 F.3d 113, 118 (2d Cir. 2002) (quoting *Manoharan* v. *Columbia Univ. College of Physicians & Surgeons*, 842 F.2d 590, 593 (2d Cir. 1988)).

Patrick Hourihan affirms that he was the individual who selected Smooth to be laid-off. Hourihan affirms that he had no knowledge that Smooth had allegedly made complaints of any kind until after he informed Smooth that he was being laid-off. Other than the timing of the lay off and the alleged complaints, there is no causal connection between the two. Smooth has provided no evidence raising an issue of fact as to whether Hourihan knew of Smooth's alleged prior complaints or as to whether he included Smooth in the layoff in retaliation for the same.

## CONCLUSION

For the above stated reasons, it is ORDERED that Waste Management's Motion for Summary Judgment is granted in its entirety. The Clerk of the Court is directed to take all steps necessary to close the case.

DATED:   Buffalo, N.Y.

February 21, 2007

/s/ John T. Elfvin
JOHN T. ELFVIN
S.U.S.D.J.